UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ERIC NOBLE,** | : | Case No. 1:20-cv-594 |
| **Plaintiff,** | : | Judge: |
| v. | : | |
| **THE PUBLIC LIBRARY OF CINCINNATI AND HAMILTON COUNTY** | : | **PLAINTIFF'S COMPLAINT AND JURY DEMAND** |
| and | : | |
| **PAULA BREHM – HEEGER, in her individual capacity,** | : | |
| and | : | |
| **KYLA HARDIN, in her individual capacity,** | : | |
| **Defendants.** | : | |

## PRELIMINARY STATEMENT

1. This is an employee free speech case. Since 1968, public employees have had a clear and recognized right to comment on matters of public concern without being subject to retaliation from their employers. See *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968).

2. In May 2020, the nation became embroiled in protests denouncing the perceived prevalence of police violence towards black citizens. These protests, as most protests are, were disruptive, and spurred a nationwide discussion on the role of police and the violence some view as inherent in the system. Cincinnati, Ohio was no exception to these protests.

1

3. Plaintiff made a public posting commenting on the legitimacy or underlying rationale of these same protests. In retaliation for failing to walk the "party line" of "acceptable" discourse, he was told his right to free speech did not exist when he "offended someone," and was terminated on June 11, 2020.

4. Plaintiff seeks damages in the form of lost wages, compensatory damages, and reasonable attorneys' fees and costs, and an injunction barring Defendants from committing free speech violations in the future.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the Plaintiffs' federal claims arise under the Constitution and laws of the United States.

6. Venue with this Court is appropriate pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## THE PARTIES

7. Plaintiff Eric Noble is a United States citizen who resides in Butler County, Ohio. Mr. Noble was employed by the Public Library of Cincinnati and Hamilton County from 2018 to June 11, 2020 as a Public Safety Specialist.

8. Defendant the Public Library of Cincinnati and Hamilton County (the "Library") is a public library located in the City of Cincinnati and Hamilton County, Ohio.

9. Paula Brehm-Heeger is the Eva Jane Romaine Coombe Director of the Public Library of Cincinnati and Hamilton County. She was the Director when the actions relevant to this Complaint occurred. She is sued in her individual capacity.

10. Kyla Hardin is the Human Resources Director of the Public Library of Cincinnati and Hamilton County. She was the Human Resources Director when the actions relevant to this Complaint occurred. She is sued in her individual capacity.

## STATEMENT OF FACTS

11. Plaintiff began his employment with the Library in February 2018. He was employed as a Public Safety Specialist at the Main Library of the Public Library of Cincinnati and Hamilton County, located at 800 Vine Street, Cincinnati, Ohio.

12. During his employment with Defendants, Plaintiff had no prior reprimands for harassment or otherwise violating workplace policies.

13. Beginning on or around May 26, 2020, a series of protests against police brutality took place in major cities across the United States, including Cincinnati.

14. These protests have received extensive news coverage.

15. On or about May 26, 2020, while Plaintiff was off work, he "shared" a meme on his personal Facebook account. This meme contained a constitutionally protected expression of Plaintiff's opinion about the abovementioned protests.

16. On or about June 1, 2020, Plaintiff was told by a coworker that another Library employee had filed a complaint regarding the post with Human Resources.

17. On June 2, 2020, the Library updated its social media picture to a solid black background. The Library's stated reason for doing so was that it "stands in solidarity against the systems of oppression and racism that routinely lead to the loss of Black life, such as the murder of George Floyd, Ahmaud Arbery, and countless others."

18. The same day, June 2, 2020, Plaintiff was called in to a meeting with Michelle Matthews, a subordinate of Defendant Hardin. In that meeting, Plaintiff was told that he was in the

meeting because of what he posted on Facebook, that it had offended some of his coworkers, and that his right to free speech was contingent on his not offending someone.

19. A video camera or other recording device was present in the meeting room. Upon information and belief, the device was on and recording.

20. At the June 2 meeting, Plaintiff was told he was being placed on administrative leave pending an investigation.

21. Upon information and belief, several of Plaintiff's coworkers attended the protests or otherwise made public comments regarding same, but were not reprimanded or otherwise punished by Defendants.

22. On June 11, 2020, Plaintiff was presented with a letter from Defendant Hardin informing him that he was terminated for the abovementioned Facebook posting.

23. Upon information and belief, at all relevant times herein Defendant Hardin acted in concert with Defendant Brehm-Heeger.

24. Upon information and belief, at all relevant times herein Defendants Hardin and Brehm-Heeger were acting in accordance with the policies and customs of Defendant Library. Defendant Library had a policy of suppressing speech critical of the Black Lives Matter or other social justice movements.

## FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

25. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that the actions of Defendants violated his First Amendment right to free speech.

26. The First Amendment of the United States Constitution prohibits Congress, and by incorporation state actors, from restricting the rights of individuals to speak freely.

27. Plaintiff's sharing of his opinion on the merits of the abovementioned protests, and on the merits of protestors being permitted to march in the street and block traffic, was an exercise of his First Amendment right to free speech.

28. Plaintiff was terminated for exercising his free speech rights.

29. Plaintiff's exercise of his free speech rights was a substantial or motivating factor in his termination.

30. Plaintiff's speech was made on his own free time, outside of the workplace, and was not made pursuant to his official duties.

31. Plaintiff's speech touched on a matter of public concern, as commenting on public protests, and the method in which they are carried out, is a matter of public concern.

32. Plaintiff has a clearly established right to comment on matters of public concern without retaliation or interference from his government employer.

33. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has suffered damages in the form of the loss of his employment, lost wages and benefits, fear, anxiety, emotional distress, embarrassment, and humiliation.

## COUNT II: DECLARATORY JUDGMENT (28 U.S.C. § 2201, *et seq.*)

34. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

35. As described above, on June 11, 2020, Defendants acted without lawful authority to retaliate against Plaintiff for the exercise of his First Amendment rights.

36. Plaintiff has a tangible economic interest in ensuring that the Defendants comply with federal and Ohio law respecting the exercise of free speech, and has been materially and negatively affected by Defendants' actions.

37. Absent a ruling of this Court, Defendants' actions are capable of future repetition in the same or similar situations to the detriment of Plaintiff and other government employees.

38. Declaratory relief finding that Defendants acted unlawfully is just and appropriate.

WHEREFORE, Plaintiff hereby demands judgment against Defendants as follows:

a. For a declaration that Defendants' actions as described throughout this Complaint violate the United States Constitution;

b. For an award of damages to compensate Plaintiff for his lost wages and benefits, fear, anxiety, emotional distress, embarrassment, and humiliation suffered as a result of Defendants' unlawful acts;

c. For an award of punitive damages to deter Defendants from future violations of the constitutional rights of their employees;

d. For an award of interest according to law;

e. For an award of reasonable attorneys' fees and costs incurred in prosecuting this matter; and

f. All other relief in law and equity to which Plaintiff may be entitled.

*/s/ Matthew S. Okiishi*

_____
Stephen E. Imm (0040068)
Matthew S. Okiishi (0036706)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
(513) 943-6659
(513) 943-6669-fax
matt@finneylawfirm.com
stephen@finneylawfirm.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

*/s/ Matthew S. Okiishi*

_____
Matthew S. Okiishi (0036706)